**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FAZAL RAHMAN,** | : | **CIVIL ACTION NO. 1:05-CV-2570** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL HENKEL and DEPARTMENT** | : | |
| **OF HOMELAND SECURITY,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 28th day of December, 2005, upon consideration of petitioner's motion (Doc. 3) to reopen the above-captioned case, brought pursuant to 28 U.S.C. § 2241, arguing that the Court of Appeals for the Third Circuit does not have jurisdiction over this matter because a final order of removal was never issued, see 8 U.S.C. § 1252(b)(2) ("[A] petition for review [of a final order of removal] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."), and it appearing that respondents have directed or ordered petitioner removed from the United States, (see Doc. 3, Ex. B) (stating that petitioner's "conditional landing permit has been revoked, and [his] detention and removal has been ordered"), and that petitioner has exhausted all available administrative relief (see Doc. 1 ¶ 13), see Popal v. Gonzales, 416 F.3d 249, 253 n.2 (3d Cir. 2005) ("[T]he duty to exhaust extends only to those administrative remedies available to the alien . . . ."); id. at 253 (stating that where issues related to removal have been administratively exhausted the claim

"has been fully litigated" and may be appealed to the court of appeals under the Real ID Act); see also Del Pilar v. U.S. Attorney Gen., 326 F.3d 1154, 1156-57 (11th Cir. 2003) (stating that order is considered "final" when "there is nothing remaining . . . to appeal"); cf. Duvall v. Elwood, 336 F.3d 228, 233 (3d Cir. 2003) (stating that a "final order" includes all matters on which the validity of the order is contingent), and it further appearing that petitioner does not challenge his detention (see Doc. 1), see H.R. REP. NO. 109-72, at 175 (2005) (noting that the Real ID Act of 2005 does "not preclude habeas review over challenges to detention that are independent of challenges to removal orders"); see also 8 U.S.C. § 1282(b) (providing for revocation of conditional landing permit and detention of alien crewman); United States v. Cores, 356 U.S. 405, 408-09 (1958) (stating that alien crewman remaining in United States after expiration of landing permit has committed crime under § 1282), but raises constitutional questions regarding his alleged removal without a hearing, see 8 U.S.C. § 1252(a)(2)(D) ("Nothing . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ."); see also Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005) (stating that § 1252 "permits all aliens . . . to obtain review of constitutional claims and questions of law upon the filing of a petition for review with an appropriate court of appeals"), and it further appearing that the above-captioned case was transferred to the United States Court of Appeals for the Third Circuit (see Doc. 2), and that this court no longer has jurisdiction over this matter, cf. Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267, 273 (3d Cir. 1962)

(stating that a transferring court loses jurisdiction over a case when it is transferred), it is hereby ORDERED that the motion (Doc. 3) to reopen is DENIED.

      S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

.